UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERIC SCOTT MYERS,

      Petitioner,

v.                                Case No.  3:17cv13/RV/CJK

WARDEN HODGES,

      Respondent.

_____/

## ORDER and
## REPORT AND RECOMMENDATION

This case, opened as a federal habeas corpus proceeding under 28 U.S.C. § 2254, is before the court upon petitioner's filing a document titled "Second Formal Inquiry" (doc. 5) in which he notifies the court that it has misconstrued and misfiled his originating pleading, docs. 1 and 2.  Petitioner states that he did not intend for the copy of his state habeas petition styled for "The First Judicial Circuit Court Of Okaloosa County, The State Of Florida" (doc. 1) to be construed as a federal habeas petition under 28 U.S.C. § 2254; rather, the state habeas petition "was intended as a[n] EXHIBIT" (doc. 5, p. 3) to be filed as an attachment to his first "Notice of Formal Inquiry" (doc. 2).  (*See* Doc. 5, pp. 1, 3).  Petitioner also clarifies that the purpose of his first "Notice of Formal Inquiry" was "to move this court for a

determination that Petitioner's time for filing his 28 U.S.C. § 2254 was tolled while THE FIRST JUDICIAL CIRCUIT COURT made a decision of law concerning the pending petition". (Doc. 5, p. 1). Petitioner states he "does not believe it is legally correct to have HABEAS CORPUS filed in this court while his state habeas petition is pending." (Doc. 5, p. 3).

Based on petitioner's statements, the court will direct the clerk to re-docket petitioner's pleadings as he intended them. The court will strike docket entry 1 (doc. 1) reflecting the filing of a federal habeas corpus petition under 28 U.S.C. § 2254, and will re-docket petitioner's state habeas petition as an exhibit attached to his "Notice of Formal Inquiry" (doc. 2). With that correction, the only filings in this case are petitioner's first and second "Formal Inquiries" (docs. 2, 5).

Petitioner's first formal inquiry asks the court whether petitioner's state habeas petition "will qualify as adequate to exhaust all STATE administrative and judicial remedies before invoking the U.S. DISTRICT COURT'S jurisdiction", and whether "Petitioner [will] be allowed to appeal the Circuit Court's ruling to this court?" (Doc. 2, p. 1). Petitioner's second formal inquiry asks whether the time for filing a federal habeas petition under 28 U.S.C. § 2254 will be tolled during the pendency of his state habeas proceeding (doc. 5, p. 2), and whether this court has various forms available (a form for seeking an extension of time, a form for seeking

a stay of a habeas corpus proceeding, and a form memorandum "to accompany the various motions petitioner is soon to be required to submit in a timely manner") (Doc. 5, p. 3).  Petitioner's requests for information will be denied.  The court cannot provide petitioner legal advice or an advisory opinion concerning whether his state court filing satisfies the exhaustion requirement, the timeliness of a prospective federal habeas petition not yet filed, how the federal habeas statute of limitations will be calculated, or whether statutory or equitable tolling will apply.  Further, because no federal habeas petition has been filed, this court is without jurisdiction to consider a motion for extension of time to file a § 2254 petition, or a motion to stay.  *See United States v. Asakevich*, 810 F.3d 418, 420-21 (6th Cir. 2016) (holding that federal prisoner could not ask the district court to grant an extension of time to file a motion to vacate, set aside, or correct his sentence under § 2255, before a 2255 motion was actually filed; the prisoner was seeking an advisory opinion concerning whether he could obtain an extension for a collateral proceeding not yet in existence; "Federal courts do not lightly grant relief in non-existent cases.  Still less do they offer advisory opinions about what they might do if an action were filed."); *Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that a federal court may grant an extension of time to file a motion pursuant to 28 U.S.C. § 2255 only if the moving party requests the extension "*upon or after filing an actual section 2255*

*motion*") (emphasis added); *see also, e.g., Swichkow v. United States*, 565 F. App'x 840, 844 (11th Cir. 2014) ("Here, because Swichkow had yet to file an actual § 2255 motion at the time he sought an extension to the limitations period, there was no actual case or controversy to be heard.  Thus, the district court properly concluded that it lacked jurisdiction to consider Swichkow's requests for an extension of time to file a § 2255 motion absent a formal request for habeas relief.").   As to the availability of forms, the court has already mailed petitioner a § 2254 petition form and a form application to proceed *in forma pauperis* (*see* doc. 4), which is all petitioner will require to initiate a future federal habeas corpus proceeding.

Accordingly, it is ORDERED:

1.  The clerk of court shall STRIKE the docket entry reflecting the filing of a federal habeas corpus petition (doc. 1), and shall RE-DOCKET petitioner's state habeas petition (styled for the Okaloosa County Circuit Court) as an exhibit attached to petitioner's "Notice of Formal Inquiry" (doc. 2).

2.  The court's January 11, 2017 order (doc. 4) requiring the filing of an amended § 2254 petition and the payment of the filing fee is VACATED.

3.  Petitioner's first "Notice of Formal Inquiry" (doc. 2) is DENIED for lack of jurisdiction.

4.  Petitioner's "Second Formal Inquiry" (doc. 5) is GRANTED to the extent the court has re-docketed petitioner's filings consistent with his intent, and is DENIED in all other respects for lack of jurisdiction.

And it is respectfully RECOMMENDED:

1.  That this case be DISMISSED for lack of jurisdiction.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 9th day of February, 2017.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.